Martin M. Horowitz (SBN 79073)
mhorowitz@h-rlegal.com
Stephanie Rubinoff (SBN 98229)
srubinoff@h-rlegal.com
HOROWITZ & RUBINOFF
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Telephone:    (510) 444-7717

Yosef Peretz (SBN 209288)
yperetz@peretzlaw.com
Shane Howarter (SBN 311970)
showarter@peretzlaw.com
PERETZ & ASSOCIATES
22 Battery Street, Suite 200
San Francisco, CA 94111
Telephone:    (415) 732-3777
Facsimile:    (415) 372-3791

Attorneys for Plaintiff
STEVEN H. McCOY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN H. McCOY,<br><br>        Plaintiff,<br><br>    vs.<br><br>BAY CITIES PRODUCE, INC.,<br>a California corporation, and DOES 1<br>through 20, inclusive,<br><br>        Defendants.<br>_____/ | CASE NO.<br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL<br><br>1.  Disability Discrimination in Violation of Title I of the Americans with Disabilities Act, 42 U.S.C. §12112<br>2.  Refusal to Accommodate Disability in Violation of the Americans with Disabilities Act, 42 U.S.C. §12112<br>3.  Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. §12203<br>4.  Interference With the Exercise of Rights in Violation of the Family Medical Leave Act, 29 U.S.C. §2615(a)(1)<br>5.  Disability Discrimination in Violation of the California Fair Employment and Housing Act, California Government Code §12940(a)<br>6.  Failure to Accommodate Disability in Violation of the California Fair Employment and Housing Act, California Government Code §12940(m) |

7.  Failure to Engage in a Good Faith Interactive Process in Violation of the California Fair Employment and Housing Act, California Government Code §12940(n)
8.  Retaliation in Violation of the California Fair Employment and Housing Act, California Government Code §12940(h)
9.  Retaliation in Violation of the California Family Rights Act, California Government Code §12945.2(*l*)
10.  Failure to Take All Reasonable Steps Necessary to Prevent Discrimination and Retaliation From Occurring in Violation of the California Fair Employment and Housing Act, California Government Code §12940(k)

## INTRODUCTION

1.    This is an action by plaintiff STEVEN H. McCOY against defendant BAY CITIES PRODUCE, INC. for declaratory, injunctive, and other appropriate relief, including but not limited to back and front pay, costs, and attorney's fees, to redress the deprivation of plaintiff's rights secured by: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*), as amended by the ADA Amendments Act of 2008 ("ADAAA"); (2) the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*; (3) the California Fair Employment and Housing Act ("FEHA"), California Government Code §12900 *et seq.*; and the California Family Rights Act ("CFRA"), California Government Code §12945.2(*l*).

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights).

3.    This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367(a) because they are so related to the claims in this action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical.  Resolving all state and federal claims in a single action serves the interest of judicial economy, convenience, consistency, and fairness to the parties.

COMPLAINT AND DEMAND FOR JURY TRIAL

2

1

VENUE

2    4.      Venue is proper in this district pursuant to 42 U.S.C. §2000e-5(f)(3) because it is

3 the judicial district in which the unlawful employment practices are alleged to have been

4 committed, in which the employment records relevant to such practices are maintained and

5 administered, and in which plaintiff would have worked but for the alleged unlawful employment

6 practices.

7

INTRADISTRICT ASSIGNMENT

8    5.      Pursuant to Civil Local Rule 3-2(c) and (d), it is appropriate to assign this action to

9 the San Francisco or Oakland Divisions of this judicial district because the action arose in

10 Alameda County.

11

PARTIES

12    6.      Plaintiff STEVEN H. McCOY ("plaintiff" or "McCOY") is a competent adult male

13 who, during the pertinent period, suffered from the disabilities of non-ischemic cardiomyopathy and

14 heart failure.  Plaintiff is a citizen of the United States, residing in San Francisco, County of San

15 Francisco, State of California.

16    7.      Defendant BAY CITIES PRODUCE, INC. ("defendant" or "BAY CITIES") is a

17 California corporation located in this judicial district in San Leandro, County of Alameda, California.

18    8.      DOES 1 through 20 are defendants whose names are unknown to plaintiff and who shall

19 be named once their identities are ascertained. The true names and capacities, whether individual,

20 corporate, associate or otherwise, and the true involvement of the defendants sued herein as DOES

21 1 through 20 are unknown to plaintiff.  Therefore, plaintiff sues such defendants by fictitious names

22 pursuant to California Code of Civil Procedure §474.  Plaintiff prays leave to amend this complaint

23 to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed

24 and believes and thereon alleges that each of the defendants designated as a DOE is responsible in

25 some manner for the events herein referred to, and that plaintiff's injuries and damages as hereinafter

26 set forth were proximately caused by said DOE defendants.

27

EXHAUSTION OF ADMINISTRATIVE REMEDIES

28    9.      Plaintiff has satisfied the administrative and jurisdictional prerequisites to suit and such

COMPLAINT AND DEMAND FOR JURY TRIAL

suit is timely filed.

10.     On May 8, 2018, plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 555-2018-01296, naming defendant BAY CITIES as the respondent and alleging discrimination on the basis of his disability, denial of an interactive process, denial of a reasonable accommodation, and retaliation.

11.     As a consequence of plaintiff's filing of this EEOC Charge, the California Department of Fair Employment and Housing ("DFEH") automatically issued a Notice to plaintiff dated June 18, 2018, advising plaintiff that his EEOC Charge No. 555-2018-01296 had been "dual filed" with the DFEH.  This Notice also constituted plaintiff's "state Right to Sue notice," providing plaintiff with notice of his right to file a civil action under the California Fair Employment and Housing Act ("CFEHA") in a State of California Superior Court within one year of the date of the DFEH Notice or 90 days from receipt of the federal Right to Sue notice, whichever is later.  (See, California Government Code §§12965(b) and (d)(2).)

12.     The EEOC issued a Dismissal and Notice of Rights to plaintiff regarding his EEOC Charge No. 555-2018-01296 which bears a date of purported mailing of September 6, 2019.  Plaintiff was first notified in or about mid-September 2019 of the EEOC's issuance of a Dismissal and Notice of Rights by his review on the EEOC's website of the EEOC's letter to him dated September 5, 2019, which referenced the issuance of the Dismissal and Notice of Rights.  (The EEOC Dismissal and Notice of Rights itself was not then and never has been posted on the EEOC's website.)  Plaintiff subsequently obtained a copy of the EEOC Dismissal and Notice of Rights.  This document includes a Notice of Suit Rights notifying plaintiff of his right to file a lawsuit against respondent and defendant herein under federal law based on his EEOC Charge within 90 days of his receipt of this notice.

13.     Based on the foregoing, the instant action is timely filed in that it is filed within 90 days of plaintiff's receipt of the EEOC Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14.     Plaintiff began his employment with defendant BAY CITIES in or about August 2014 as a Driver.  Plaintiff was terminated on or about December 5, 2017, when defendant's President Steven Del Masso, with knowledge of plaintiff's disability and his doctor's proscription against

COMPLAINT AND DEMAND FOR JURY TRIAL

1  strenuous work, stated that if plaintiff could not drive, President Del Masso had no work for plaintiff
2  and stated that he should resign.

3      15.    Based on plaintiff's demonstrated ability as a Driver, he merited promotions, initially
4  to the position of Assistant to the Dispatcher Matthew Onstad in approximately 2015 and then to the
5  position of a "Runner" in approximately mid-2016.  Critical to the qualifications of a Runner is an
6  encyclopedic knowledge of the company's products and practices and the ability to handle on-site
7  customer relations.    Runner is the rough equivalent of an administrative assistant to the Vice
8  President Vince Del Masso.   As a Runner plaintiff was relied upon as a troubleshooter for
9  management, assisting the drivers, assisting in customer service and generally acting as a problem
10 solver in its distribution chain. In addition, plaintiff was entrusted to do any job, any time, and at any
11 place as needed by the company.  Plaintiff was even authorized to make decisions regarding customer
12 accounts based on his knowledge of customer preferences, to make purchases with the company credit
13 card or with cash, to use any vehicle, and to access any part of the building at any time.  As a Runner
14 plaintiff performed the duties of delivery driver for less than 25% of his work time.

15     16.    Plaintiff satisfactorily performed all the duties and responsibilities of the positions he
16 occupied until he needed to take a medical leave.

17     17.    On or about June 6, 2017, plaintiff suffered what appeared to be a heart attack at work.
18 Over the next few days, he went to the emergency room and then to his physician, who, in turn, sent
19 him to appropriate specialists.

20     18.    Defendant BAY CITIES was initially given a Kaiser Work Status Report dated June
21 11, 2017, removing plaintiff from work from June 11, 2017 through June 27, 2017.  BAY CITIES
22 then received a second Kaiser Work Status Report on June 28, 2017, identifying June 14, 2017 as the
23 date of the onset of plaintiff's heart condition and stating, "This patient is placed off work from
24 6/28/2017 through 9/29/2017."  The report continues to state as follows:

25         Mr. McCoy has been recently diagnosed with a heart condition for
            which he will be undergoing intensive treatment and testing for at
26         least 3 months.  Please excuse him from any strenuous work during
            this period so he could attend his medical appointments and focus
27         on his heart health.

28 Defendant BAY CITIES admitted to the EEOC that it knew of plaintiff's heart condition from the June

COMPLAINT AND DEMAND FOR JURY TRIAL

5

28, 2017 Kaiser Work Status Report.  A subsequent Kaiser Work Status Report, dated October 18, 2017, extended plaintiff's medical leave through February 28, 2018.

19.     In or about mid-to-late August 2017 and after defendant's receipt of plaintiff's Work Status Reports for leave ending September 29, 2017, defendant's Human Resources Manager Richard Nishimoto threatened that plaintiff would be required to pay BAY CITIES for the cost of his medical coverage for the period he would be on medical leave and that his benefits would be terminated even though plaintiff was still on an approved medical leave ending September 29, 2107.  Mr. Nishimoto also stated that if plaintiff wanted to continue his health insurance coverage after its cancellation by BAY CITIES, he should "go to the state."

a.     Mr. Nishimoto did not dispute that plaintiff had a disability at that time.  Based upon the June 28, 2017 Kaiser Work Status Report given to BAY CITIES, at the time of plaintiff's August 2017 conversation with Mr. Nishimoto, BAY CITIES undeniably knew that plaintiff was then undergoing intensive testing and treatment for a very serious heart condition at the same time that BAY CITIES was threatening to cancel his health insurance coverage.

b.     Mr. Nishimoto never provided plaintiff with any writing showing a company policy concerning payment for, or the cancellation of, health insurance benefits.  Mr. Nishimoto did not state the date on which BAY CITIES intended to terminate plaintiff's health insurance coverage.  Mr. Nishimoto also made no mention of alternatives or that plaintiff would receive notification of his right to the temporary continuation of his health insurance coverage through the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

c.     Plaintiff informed Mr. Nishimoto in this meeting that he disagreed with the threatened cancellation of his health insurance benefits, stating his belief that the company "could not do that."  Plaintiff stated that he intended to return to work and that he believed that the company had no right to cut off his health insurance benefits.  Plaintiff also further stated that he believed that the company had erroneously concluded that he should not come back to work.  Mr. Nishimoto replied, "Let me see what I can do."  Plaintiff believed that BAY CITIES had relented on its threat to cancel his health insurance benefits.  Mr. Nishimoto never followed up with plaintiff.

20.     BAY CITIES never provided plaintiff with a written notice of a demand for payment

of his health insurance premiums or of its intention to terminate his coverage in 15 days, and never provided plaintiff with health insurance premium bills.  BAY CITIES did not give plaintiff the statutorily mandated 15-day notice in writing that unless he paid the premiums for his health insurance it would be terminated.  Instead, plaintiff is informed and believes and thereon alleges that defendant BAY CITIES abruptly and secretly terminated plaintiff's health insurance coverage sometime in or about September 2017.  As a result, plaintiff was without medical coverage at a crucial time in his diagnosis and treatment which caused substantial physical and emotional harm to him.

21.    BAY CITIES did not place plaintiff on leave under the California Family Rights Act ("CFRA") or the federal Family Medical Leave Act ("FMLA") at any time.  BAY CITIES did not make any inquiries about the particular disabling condition, the severity of the disability, plaintiff's potential return to work date, or any potential accommodations of that disability.  Neither Mr. Nishimoto nor anyone at BAY CITIES ever did so.  Indeed, until the date of plaintiff's termination in early December 2017, BAY CITIES at no time asked plaintiff or his treating physicians for additional information.  Defendant never inquired as to what accommodations plaintiff might require in order to return to work given his medical condition which was well-known to BAY CITIES.  Nor did defendant ever engage in an "interactive process."  After Mr. Nishimoto's statement in August 2017 threatening to cancel plaintiff's health insurance, he never communicated with plaintiff to confirm that BAY CITIES was, in fact, going to terminate plaintiff's medical benefits.

22.    On or about September 22, 2017, plaintiff received a telephone call from Vice President Del Masso.  Mr. Del Masso inquired as to whether plaintiff would be returning to work and, if so, when.  Vice President Del Masso also asked plaintiff if his doctor had extended plaintiff's September 30, 2017 return to work date.  Plaintiff explained that his doctor had informed him that his medical leave had been extended through February 2018, and that the updated leave note had already been conveyed to BAY CITIES.  (Plaintiff's physician had already presented to BAY CITIES a third Kaiser Work Status Report which stated a return to work date of March 1, 2018.  However, since BAY CITIES subsequently disputed its initial receipt of this third Report, Kaiser resent its third Work Status Report to defendant on October 18, 2017.)  Plaintiff also advised Vice President Del Masso that he was still extremely ill, but that after he received a copy of his doctor's leave note and was feeling

1   better, he would deliver that note and return his company key card and cellular phone.

2        23.    By the third Kaiser Work Status Report resubmitted to BAY CITIES on October 18,

3   2017, Dr. Harshith Reddy Avula placed plaintiff off work "through 2/28/2018." In this report, Dr.

4   Avula provided the diagnosis of "a severe heart problem called non-ischemic cardiomyopathy and

5   heart failure." Dr. Avula also provided BAY CITIES with notice of plaintiff's physical disabilities

6   therefrom stating, "His breathing and physical abilities may be limited due to this diagnosis" and

7   directed that plaintiff be excused from any "strenuous physical work that increases demand on his

8   heart." Dr. Avula concluded by stating, "[i]n order to continue to receive his treatments and follow

9   up with medical care, please excuse him from work during the designated time period as needed."

10  Thus, BAY CITIES had clear knowledge of plaintiff's medical condition, his anticipated return-to-

11  work date, and the likely reasonable accommodations he would need. Significantly, the prognosis of

12  plaintiff's doctor was stated at a time when he believed that plaintiff would continue to have health

13  insurance and, therefore, treatment without interruption.

14       24.    Plaintiff, during a scheduled appointment with his treating physician on or about

15  October 24, 2017, was notified by his physician that his health insurance coverage had been canceled

16  by BAY CITIES in or about early September 2017. Defendant's denial of health insurance benefits

17  prevented plaintiff from receiving critical medical treatment and derailed the then-existing treatment

18  program for his disability. That treatment program was only reestablished after his treating physician

19  assisted him in securing alternative health care in about late December 2017.

20       25.    On or about November 17, 2017, plaintiff called Vice President Del Masso to make

21  a formal appointment to review and receive his personnel file. Mr. Del Masso stated there was no

22  need for a formal appointment and that plaintiff should simply come in since it was available "any

23  time."

24       26.    On or about November 27, 2017, plaintiff went to Vice President Vince Del Masso's

25  office and met with Vice President Del Masso and General Manager Jason Ships.   In this

26  conversation, plaintiff explained to Vice President Del Masso and Mr. Ships the nature and severity

27  of his disability and that his medical insurance had been terminated by the company. Vice President

28  Del Masso responded that terminating plaintiff's health insurance was "bullshit" and that plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

"should speak to [his] father," President Steve Del Masso.  However, Steve Del Masso was not in the office that day. After this conversation, Vice President Del Masso called Mr. Nishimoto into his office. Plaintiff requested his personnel file.  Rather than provide the file, Mr. Nishimoto made evasive explanations and excuses and refused to produce it.

27.     By letter dated December 20, 2017, plaintiff made a written demand to BAY CITIES for his personnel and related files pursuant to California statute.  Pursuant to that demand, BAY CITIES finally produced plaintiff's personnel and related files to him under cover of a letter dated January 10, 2018.

28.     On or about December 3, 2017, plaintiff called Vice President Del Masso concerning his customary Christmas bonus.  Vice President Del Masso told plaintiff to call Mr. Nishimoto. When plaintiff complied and spoke to Mr. Nishimoto, Mr. Nishimoto advised plaintiff that he needed to obtain approval for the bonus from President Del Masso.  In addition, Mr. Nishimoto asked plaintiff whether he wished to withdraw money from his retirement fund.  Plaintiff responded that he did.  Mr. Nishimoto advised that it would take about one day to do the paperwork and that he would speak to plaintiff on the following day.

29.     On or about December 4, 2017, Mr. Nishimoto called plaintiff and informed him that President Del Masso had refused to give him a Christmas bonus and that Mr. Nishimoto had to rescind his offer to allow plaintiff to withdraw retirement funds.  Mr. Nishimoto transferred the call to President Del Masso who spoke directly with plaintiff.  After some discussion, President Del Masso relented and informed plaintiff that he would give plaintiff a partial bonus of $600.  President Del Masso then advised plaintiff to immediately terminate his employment so that plaintiff could withdraw the full balance of his retirement savings.  Plaintiff adamantly refused, stating that he was undergoing medical treatment and that he would return to work as soon as he was capable.  President Del Masso then stated that it was his belief that plaintiff could not work as a Driver.  President Del Masso knew that plaintiff could not physically perform the duties of Driver because of President Del Masso's knowledge of plaintiff's disability.  Plaintiff countered that he was a Runner and not a Driver, and that there were other jobs at BAY CITIES which he could do because they were not physically strenuous like delivery driving.  President Del Masso stated unequivocally that he had no work for plaintiff if

1  he could not work as a Driver.  Plaintiff stated he would not agree to resign and thereby waive his

2  rights to return to work upon reasonable accommodations of his medical disability.  Since President

3  Del Masso knew from the October 18, 2017 Kaiser Work Status Report that plaintiff could not

4  perform "any strenuous physical work that increase[d] demand on his heart," he knew or should have

5  known that plaintiff could not agree to his demand to work as a Driver.  Although President Del

6  Masso also knew that plaintiff could perform duties which were not physically strenuous as a Driver,

7  he refused to consider plaintiff's return to work to any other duties.

8      30.    On or about December 5, 2017, plaintiff met with President Del Masso to get his

9  Christmas bonus.  President Del Masso again proposed that plaintiff voluntarily terminate his

10  employment in exchange for the opportunity to receive all of his pension benefits.  Plaintiff again

11  refused.

12      31.    Plaintiff was, therefore, effectively terminated by defendant BAY CITIES on or about

13  December 5, 2017.

14      32.    Despite the knowledge that BAY CITIES possessed about plaintiff's disability, the

15  physical limitations it imposed, his then imminent return to work date of March 1, 2018, and his

16  intention to return, BAY CITIES made no effort whatsoever to discuss a reasonable accommodation

17  with plaintiff.  At no time from early December 2017, when President Del Masso told plaintiff there

18  was no work for him unless he could return to work as a Driver, until plaintiff's return-to-work date

19  of March 1, 2018, did anyone from BAY CITIES ask for further medical information about plaintiff's

20  disability, inquire as to what kind of work plaintiff believed he could perform, invite plaintiff to meet

21  with company representatives to discuss possible accommodations to allow plaintiff to work, ask for

22  additional information from plaintiff's doctors, or even check with plaintiff as to whether he could

23  return as a Driver on his return-to-work date. Based on the BAY CITIES conduct, plaintiff believed

24  that defendant had terminated him on or about December 5, 2017.

25      33.    By letter of BAY CITIES under the signature of Mr. Nishimoto dated January 10, 2018

26  and received by plaintiff shortly thereafter, BAY CITIES provided plaintiff's personnel file. Contained

27  within the documents produced by BAY CITIES was a letter signed by Mr. Nishimoto dated

28  September 28, 2017, notifying plaintiff of the termination of his health insurance coverage "effective

COMPLAINT AND DEMAND FOR JURY TRIAL

1   10/01/2017."  Plaintiff had never received this letter prior to his receipt of his personnel file shortly

2   after January 10, 2018.

3          34.     BAY CITIES' September 28, 2017 letter does not constitute proper notice to plaintiff

4   of defendant's cancellation of his health insurance coverage.  Plaintiff did not actually receive Mr.

5   Nishimoto's September 28, 2017 letter; instead, plaintiff saw it for the first time in the copy of his

6   personnel file defendant provided to plaintiff under cover of a letter dated January 10, 2018.

7   Assuming *arguendo* that defendant did, in fact, mail this letter to plaintiff, it nonetheless advised

8   plaintiff that his health insurance would be canceled only three days after the letter was ostensibly

9   mailed.

10                                          <u>CLAIMS</u>

11                                  <u>FIRST CAUSE OF ACTION</u>
        (Disability Discrimination in Violation of Title I of the Americans with Disabilities Act)
12

13         35.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation

14   of paragraphs 1 through 34, inclusive, of this complaint.

15         36.     Defendant BAY CITIES is and, at all times material herein, was an "employer" within

16   the meaning of 42 U.S.C. §12111(5)(A).

17         37.     At all times material hereto, plaintiff was an employee with defendant BAY CITIES

18   and covered by Title I of the Americans with Disabilities Act ("ADA," 42 U.S.C. §12101 *et seq.*),

19   as amended by the ADA Amendments Act of 2008 ("ADAAA").

20         38.     At all times material herein, plaintiff had "disabilities" within the meaning of 42

21   U.S.C. §12102(1).

22         39.     Plaintiff is and, at all times material herein, was a "qualified individual" within the

23   meaning of 42 U.S.C. §12111(8) who, with or without reasonable accommodation, could perform the

24   essential functions of the employment position which plaintiff held at defendant BAY CITIES.

25         40.     Defendant BAY CITIES subjected plaintiff to adverse employment actions because of

26   plaintiff's disability.

27         41.     Plaintiff was thereby harmed.

28         42.     Defendant's conduct as alleged above constitutes intentional disability discrimination

COMPLAINT AND DEMAND FOR JURY TRIAL

in violation of the ADA, as amended, 42 U.S.C. §12112.

43.     As a proximate result of defendant's conduct, plaintiff has suffered and continues to suffer injuries and damages, including but not limited to lost salary, loss of employment benefits, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other damages, in an amount according to proof at trial.

44.     In doing the acts alleged herein, defendant intentionally violated the ADA and acted with malice or reckless indifference to plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof at trial.

SECOND CAUSE OF ACTION
(Failure to Accommodate Disability in Violation of the Americans with Disabilities Act)

45.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation of paragraphs 1 through 34, and 38 through 42, inclusive, of this complaint.

46.     Defendant BAY CITIES is and, at all times material herein, was an "employer" within the meaning of 42 U.S.C. §12111(5)(A).

47.     At all times material hereto, plaintiff was an employee with defendant BAY CITIES and covered by Title I of the Americans with Disabilities Act ("ADA," 42 U.S.C. §12101 *et seq.*), as amended by the ADA Amendments Act of 2008 ("ADAAA").

48.     At all times material herein, plaintiff was an otherwise qualified individual with a disability within the meaning of 42 U.S.C. §12112(b)(5)(A).

49.     At all times material herein, defendant BAY CITIES knew of plaintiff's disabilities.

50.     Plaintiff requested a reasonable accommodation from defendant for his disabilities.

51.     Defendant failed to provide reasonable accommodation for plaintiff's disabilities.

52.     Plaintiff was thereby harmed.

53.     Defendant's conduct as alleged above constitutes a failure to make reasonable accommodation in violation of the ADA, as amended, 42 U.S.C. §12112.

54.     As a proximate result of defendant's conduct, plaintiff has suffered and continues to suffer injuries and damages, including but not limited to lost salary, loss of employment benefits, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other damages, in an amount

1   according to proof at trial.

2       55.     In doing the acts alleged herein, defendant intentionally violated the ADA and acted

3   with malice or reckless indifference to plaintiff's rights.  Plaintiff is thus entitled to recover punitive

4   damages from defendant in an amount according to proof at trial.

5                             THIRD CAUSE OF ACTION
                 (Retaliation in Violation of the Americans with Disabilities Act)

6

7       56.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation

8   of paragraphs 1 through 34, 38 through 42, and 48 through 53, inclusive, of this complaint.

9       57.     Defendant BAY CITIES is and, at all times material herein, was an "employer" within

10   the meaning of 42 U.S.C. §12111(5)(A).

11      58.     At all times material hereto, plaintiff was an employee with defendant BAY CITIES

12   and covered by Title I of the Americans with Disabilities Act ("ADA," 42 U.S.C. §12101 *et seq.*),

13   as amended by the ADA Amendments Act of 2008 ("ADAAA").

14      59.     Plaintiff engaged in conduct protected by the ADA.

15      60.     Defendant BAY CITIES subjected plaintiff to adverse employment actions at the time,

16   or after, the protected conduct occurred by refusing to provide reasonable accommodation for his

17   disabilities, by canceling his health insurance coverage and otherwise discriminating against him in

18   regard to the terms, conditions, and privileges of employment, and by terminating him on or about

19   December 5, 2017.

20      61.     Defendant BAY CITIES subjected plaintiff to the aforementioned adverse employment

21   actions because of his conduct protected under the ADA.

22      62.     Plaintiff was thereby harmed.

23      63.     Defendant's conduct as alleged above constitutes retaliation in violation of the ADA,

24   as amended, 42 U.S.C. §12203.

25      64.     As a proximate result of defendant's conduct, plaintiff has suffered and continues to

26   suffer injuries and damages, including but not limited to back pay, front pay, and other damages, in

27   an amount according to proof at trial.

28   /   /   /

COMPLAINT AND DEMAND FOR JURY TRIAL

13

FOURTH CAUSE OF ACTION
(Interference With the Exercise of Rights in Violation of the Family Medical Leave Act)

65.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation of paragraphs 1 through 34, inclusive, of this complaint.

66.     Plaintiff was eligible for the protections of the Family Medical Leave Act ("FMLA").

67.     At all times material herein, defendant BAY CITIES was covered by the FMLA.

68.     Plaintiff was entitled to leave under the FMLA.

69.     Plaintiff provided sufficient notice of his intent to take leave.

70.     Defendant BAY CITIES denied plaintiff FMLA benefits to which he was entitled and took adverse employment actions against plaintiff because he took leave by: (1) failing to provide plaintiff with adequate and timely notice of the cancellation of his health insurance benefits; (2) canceling his health insurance benefits; and (3) terminating plaintiff on or about December 5, 2017.

          a.     Defendant BAY CITIES demanded payment of health benefit premiums from plaintiff but defendant failed and refused to provide plaintiff with advance written notice of the terms and conditions under which these payments must be made.  (29 C.F.R. §825.210(d).)

          b.     Defendant BAY CITIES terminated plaintiff's health insurance coverage but defendant failed and refused to provide written notice to plaintiff at least 15 days before the coverage was to cease that the coverage would be dropped on a specified date at least 15 days after the date of the letter unless the health benefit premium had been received by that date. (29 C.F.R. §825.212(a).)

71.     Plaintiff was thereby harmed.

72.     Defendant's conduct as alleged above constitutes intentional interference with the exercise of plaintiff's FMLA rights in violation of the FMLA, 29 U.S.C. §2615(a)(1).

73.     The aforesaid conduct of defendant was willful within the meaning of 29 U.S.C. §2617(c)(2).

74.     As a proximate result of defendant's conduct, plaintiff has suffered and continues to suffer damages, including but not limited to wages, salary, employment benefits, and other compensation denied or lost to plaintiff by reason of defendant's violation of the FMLA violation, in an amount according to proof at trial.  In addition to the aforesaid damages, plaintiff is entitled to

COMPLAINT AND DEMAND FOR JURY TRIAL

1  interest on the aforesaid damages calculated at the prevailing rate and an additional amount as

2  liquidated damages equal to the sum of the aforesaid damages and interest thereon, in an amount

3  according to proof at trial.

4  FIFTH CAUSE OF ACTION<br>(Disability Discrimination in Violation of the California Fair Employment and Housing Act)

5

6  75.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation

7  of paragraphs 1 through 34, inclusive, of this complaint.

8  76.    Defendant BAY CITIES was at all times relevant herein an "employer" within the

9  meaning of the California Fair Employment and Housing Act ("CFEHA"), Government Code §12900

10  *et seq.*

11  77.    Plaintiff was an employee of defendant BAY CITIES who was qualified to perform the

12  essential functions of his position with or without accommodation.

13  78.    Plaintiff had physical disabilities within the meaning of Government Code §12926(m)

14  and 2 Cal. Code Regs. §11065(d)(2)(A).

15  79.    Defendant BAY CITIES knew that plaintiff had physical conditions that limited

16  plaintiff's major life activities, including but not limited to working.

17  80.    Plaintiff was able to perform the essential job duties of his position with defendant BAY

18  CITIES with or without reasonable accommodation.

19  81.    As more fully alleged, defendant BAY CITIES subjected plaintiff to adverse

20  employment actions, culminating in his termination, on the basis of his disabilities.

21  82.    Plaintiff's physical disabilities were a substantial motivating reason for defendant BAY

22  CITIES' termination of plaintiff and its other adverse employment actions taken against plaintiff.

23  83.    Plaintiff was harmed.

24  84.    Defendant's conduct was a substantial factor in causing plaintiff's harm.

25  85.    Defendant's conduct as alleged above constitutes intentional disability discrimination

26  in violation of the CFEHA, Government Code §12940(a).

27  86.    As a direct and proximate result of defendant's conduct , plaintiff has suffered lost and

28  future wages, benefits and other valuable incidents to employment, and severe pain and suffering, all

COMPLAINT AND DEMAND FOR JURY TRIAL

1    to plaintiff's damage in an amount according to proof at trial.  Plaintiff claims the aforesaid amounts

2    as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any

3    other provision of law allowing for prejudgment interest.

4         87.    Defendant committed the acts alleged herein maliciously, fraudulently and oppressively

5    with the wrongful intention of injuring plaintiff, and from an improper and evil motive amounting to

6    malice and conscious disregard for plaintiff's rights.  Plaintiff is thus entitled to recover punitive

7    damages from defendant in an amount according to proof at trial.

8                          SIXTH CAUSE OF ACTION
                    (Failure to Accommodate Disability in Violation of the
9                    California Fair Employment and Housing Act)

10        88.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation

11   of paragraphs 1 through 34, and 77 through 85, inclusive, of this complaint.

12        89.    Defendant BAY CITIES was at all times relevant herein an "employer" within the

13   meaning of the California Fair Employment and Housing Act ("CFEHA"), Government Code §12900

14   *et seq.*

15        90.    Plaintiff was an employee of defendant BAY CITIES.

16        91.    Plaintiff had physical disabilities within the meaning of Government Code §12926(m)

17   and 2 Cal. Code Regs. §11065(d)(2)(A).   Plaintiff's physical disabilities limited plaintiff's major life

18   activities, including but not limited to working.

19        92.    Defendant BAY CITIES  knew that plaintiff had physical conditions that limited

20   plaintiff's major life activities, including but not limited to working.

21        93.    Plaintiff was able to perform the essential job duties of his position with defendant BAY

22   CITIES with reasonable accommodation for his physical conditions.

23        94.    Defendant BAY CITIES failed to provide reasonable accommodation for plaintiff's

24   physical conditions.

25        95.    Plaintiff was harmed.

26        96.    Defendant's failure to provide reasonable accommodation was a substantial factor in

27   causing plaintiff's harm.

28        97.    Defendant's conduct, as alleged more fully above, constitutes a failure to accommodate

COMPLAINT AND DEMAND FOR JURY TRIAL

plaintiff's physical disabilities in violation of the CFEHA, Government Code §12940(m).

98.    As a direct and proximate result of defendant's conduct , plaintiff has suffered lost and future wages, benefits and other valuable incidents to employment, and severe pain and suffering, all to plaintiff's damage in an amount according to proof at trial.  Plaintiff claims the aforesaid amounts as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law allowing for prejudgment interest.

99.    Defendant committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring plaintiff, and from an improper and evil motive amounting to malice and conscious disregard for plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**
(Failure to Engage in the Interactive Process in Violation of the
California Fair Employment and Housing Act)

100.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation of paragraphs 1 through 34, 77 through 85, and 91 through 97, inclusive, of this complaint.

101.    Defendant BAY CITIES was at all times relevant herein an "employer" within the meaning of the California Fair Employment and Housing Act ("CFEHA"), Government Code §12900 *et seq.*

102.    Plaintiff was an employee of defendant BAY CITIES.

103.    Plaintiff had physical disabilities within the meaning of Government Code §12926(m) and 2 Cal. Code Regs. §11065(d)(2)(A) which were known to defendant BAY CITIES.

104.    Plaintiff requested that defendant BAY CITIES make reasonable accommodation for his physical conditions so that he would be able to perform the essential job requirements.

105.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements.

106.    Defendant failed to participate in a timely, good faith interactive process with plaintiff to determine whether reasonable accommodation could be made.

107.    Plaintiff was harmed.

COMPLAINT AND DEMAND FOR JURY TRIAL

108.   Defendant BAY CITIES' failure to engage in a good faith interactive process was a substantial factor in causing plaintiff's harm.

109.   Defendant's conduct as alleged above constitutes a failure to engage in a timely, good faith interactive process in violation of the CFEHA, Government Code §12940(n).

110.   As a direct and proximate result of defendant's conduct , plaintiff has suffered lost and future wages, benefits and other valuable incidents to employment, and severe pain and suffering, all to plaintiff's damage in an amount according to proof at trial.  Plaintiff claims the aforesaid amounts as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law allowing for prejudgment interest.

111.   Defendant committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring plaintiff, and from an improper and evil motive amounting to malice and conscious disregard for plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof at trial.

### EIGHTH CAUSE OF ACTION
(Retaliation in Violation of the California Fair Employment and Housing Act)

112.   Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation of paragraphs 1 through 34, 77 through 85, 91 through 97, and 103 through 109, inclusive, of this complaint.

113.   Defendant BAY CITIES was at all times relevant herein an "employer" within the meaning of the California Fair Employment and Housing Act ("CFEHA"), Government Code §12900 *et seq.*

114.   Plaintiff was an employee of defendant BAY CITIES.

115.   As more fully alleged above, plaintiff engaged in the legally protected activity of opposing practices forbidden under the CFEHA.

116.   As more fully alleged above, defendant BAY CITIES subjected plaintiff to adverse employment actions, including canceling plaintiff's health insurance coverage and terminating plaintiff on or about December 5, 2017, and otherwise engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions and privileges of plaintiff's

employment.

117.   Plaintiff's protected activity was a substantial motivating reason for defendant BAY CITIES' adverse actions against plaintiff, including its termination of plaintiff on or about December 5, 2017, and its conduct toward him that, taken as a whole, materially and adversely affected the terms and conditions of plaintiff's employment.

118.   Defendant BAY CITIES' conduct as alleged above constitutes retaliation in violation of the CFEHA, Government Code §12940(h).

119.   Plaintiff was harmed by defendant BAY CITIES' conduct.

120.   Defendant BAY CITIES' conduct was a substantial factor in causing plaintiff's harm.

121.   As a direct and proximate result of defendant's conduct , plaintiff has suffered lost and future wages, benefits and other valuable incidents to employment, and severe pain and suffering, all to plaintiff's damage in an amount according to proof at trial.  Plaintiff claims the aforesaid amounts as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law allowing for prejudgment interest.

122.   Defendant committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring plaintiff, and from an improper and evil motive amounting to malice and conscious disregard for plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof at trial.

<u>NINTH CAUSE OF ACTION</u>
(Retaliation in Violation of the California Family Rights Act)

123.   Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation of paragraphs 1 through 34, 77 through 85, 91 through 97, 103 through 109, and 116 through 118, inclusive, of this complaint.

124.   Defendant BAY CITIES was at all times relevant herein an "employer" within the meaning of the California Family Rights Act ("CFRA"), Government Code §12945.2(c)(2)(A).

125.   Plaintiff was an employee of defendant BAY CITIES who was eligible to take CFRA medical leave.

126.   Plaintiff, as more fully set forth above, exercised his right under the CFRA to take

COMPLAINT AND DEMAND FOR JURY TRIAL

1  medical leave because of his own serious health condition.

2      127.    As more fully alleged above, defendant BAY CITIES subjected plaintiff to adverse

3  employment actions, including canceling plaintiff's health insurance coverage and terminating plaintiff

4  on or about December 5, 2017, and otherwise engaged in a course or pattern of conduct that, taken

5  as a whole, materially and adversely affected the terms, conditions and privileges of plaintiff's

6  employment.

7      128.    Plaintiff's request for, and the exercise of his right to take, medical leave was a

8  substantial motivating reason for defendant BAY CITIES' adverse actions against plaintiff, including

9  its termination of plaintiff on or about December 5, 2017, and its conduct toward him that, taken as

10  a whole, materially and adversely affected the terms and conditions of plaintiff's employment.

11      129.    Defendant BAY CITIES' conduct as alleged above constitutes retaliation in violation

12  of the CFRA, Government Code §12945.2(*l*).

13      130.    Plaintiff was harmed by defendant BAY CITIES' conduct.

14      131.    Defendant BAY CITIES' conduct was a substantial factor in causing plaintiff's harm.

15      132.    As a direct and proximate result of defendant's conduct , plaintiff has suffered lost and

16  future wages, benefits and other valuable incidents to employment, and severe pain and suffering, all

17  to plaintiff's damage in an amount according to proof at trial.  Plaintiff claims the aforesaid amounts

18  as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any

19  other provision of law allowing for prejudgment interest.

20      133.    Defendant committed the acts alleged herein maliciously, fraudulently and oppressively

21  with the wrongful intention of injuring plaintiff, and from an improper and evil motive amounting to

22  malice and conscious disregard for plaintiff's rights.  Plaintiff is thus entitled to recover punitive

23  damages from defendant in an amount according to proof at trial.

24                          TENTH CAUSE OF ACTION
          (Failure to Take All Reasonable Steps Necessary to Prevent Discrimination and
25      Retaliation From Occurring in Violation of the California Fair Employment and Housing Act)

26      134.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation

27  of paragraphs 1 through 34, 77 through 85, 91 through 97, 103 through 109, 116 through 118, and

28  125 through 129, inclusive, of this complaint.

COMPLAINT AND DEMAND FOR JURY TRIAL

135.   Defendant BAY CITIES was at all times relevant herein an "employer" within the meaning of the California Fair Employment and Housing Act ("CFEHA"), Government Code §12900 *et seq.*

136.   Plaintiff was an employee of defendant BAY CITIES.

137.   As set forth more fully above, defendant BAY CITIES subjected plaintiff to discrimination and retaliation in the course of his employment.

138.   Defendant BAY CITIES failed to take all reasonable steps necessary to prevent the discrimination and retaliation.

139.   Defendant BAY CITIES' conduct as alleged above constitutes a violation of the CFEHA, Government Code §12940(k).

140.   Plaintiff was harmed by defendant BAY CITIES' conduct.

141.   Defendant BAY CITIES' conduct was a substantial factor in causing plaintiff's harm.

142.   As a direct and proximate result of defendant's conduct , plaintiff has suffered lost and future wages, benefits and other valuable incidents to employment, and severe pain and suffering, all to plaintiff's damage in an amount according to proof at trial.  Plaintiff claims the aforesaid amounts as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law allowing for prejudgment interest.

143.   Defendant committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring plaintiff, and from an improper and evil motive amounting to malice and conscious disregard for plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays for judgment as follows:

1.   For equitable relief, including an order of this Court directing defendant to reinstate plaintiff to his position upon reasonable accommodations of his disabilities;

2.   For the equitable relief of the issuance of an injunction prohibiting any further unlawful acts;

3.   For a declaratory judgment that defendant has violated the laws and public policy as

COMPLAINT AND DEMAND FOR JURY TRIAL

alleged herein;

4.      For damages for lost and future wages, benefits and other compensation in an amount to be proven at trial;

5.      For compensatory damages in an amount to be proven at trial;

6.      For liquidated damages and interest pursuant to the FMLA on the Fourth Cause of Action;

7.      For general, special and consequential damages in an amount to be proven at trial;

8.      For punitive damages against defendant BAY CITIES on the First, Second, Fifth, Six, Seventh, Eighth, Ninth and Tenth Causes of Action;

8.      For prejudgment interest according to law;

9.      For costs and reasonable attorneys' fees; and

10.     For such other and further relief as the Court deems just and proper.

HOROWITZ & RUBINOFF

Dated: October 24, 2019          By _/s/ Stephanie Rubinoff_
                                 STEPHANIE RUBINOFF
                                 Attorneys for Plaintiff
                                 STEVEN H. McCOY

## DEMAND FOR JURY TRIAL

Plaintiff STEVEN H. McCOY hereby demands a trial by jury on all issues triable by a jury.

HOROWITZ & RUBINOFF

Dated: October 24, 2019          By _/s/ Stephanie Rubinoff_
                                 STEPHANIE RUBINOFF
                                 Attorneys for Plaintiff
                                 STEVEN H. McCOY